UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE KARD,<br><br>                                    Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, REAL TIME RESOLUTIONS, RRA CP OPPORTUNITY TRUST 2, ZBS LAW LLP, and DOES 1–100,<br><br>                                    Defendants. | Case No.: 3:23-cv-1780<br><br>**ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** |

On June 6, 2023, Plaintiff Nichole Kard commenced a civil action in the Superior Court of California against Defendants GMAC Mortgage, LLC ("GMAC"), Real Time Resolutions ("RTR"), RRA CP Opportunity Trust 2 ("RRA"), ZBS Law LLP, and Doe Defendants. Kard sought a permanent injunction against the foreclosure of her real property, located at 4118 Georgia Street, San Diego, California (the "Property"), and damages arising from the noticed foreclosure. *Kard v. GMAC Mortgage, LLC*, No. 37-2023-00023630-CU-OR-CTL (Sup. Ct. Cal. June 6, 2023).

The Court takes judicial notice of those portions of the state court record in this case proffered by the Removing Defendants. Fed. R. Evid. 201. On July 28, 2023, the state court entered an injunction order, restraining Defendants from conducting a

1

Trustee's sale of the Property. (*Order Granting Injunction* [Doc. 6-2] at 71–72.) The injunction also ordered that in the event of sale the "disputed sum of $287,649.00 should remain in escrow pending further order of this Court." (*Id.*)

On September 27, 2023, Defendants RTR and RRA (the "Removing Defendants") removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332. The removal occurred after the state court granted the injunction because, at that time, the only non-diverse defendant, ZBS Law LLP, was deemed a nominal defendant, making its citizenship immaterial to a diversity analysis. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000); Cal. Civ. Code § 29241. Although Plaintiff does not move to remand,[1] the Court remands sua sponte the above-captioned case to Superior Court of California for the following reasons.

The Court must independently review its jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. [Federal law determines] whether the elements of removal jurisdiction have been established, keeping in mind that the removal statutes are strictly construed against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). As courts of limited jurisdiction, the federal district courts must construe the removal statute strictly and remand if there is any doubt as to removal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[1]   Plaintiff's counsel appears to desire withdrawal from representation, according to a response filed in opposition to a still-pending motion to dismiss. No motion to withdraw was filed before this Court, and the Court makes no review of the issue given the Removing Defendants' failure to show by a preponderance of evidence that removal jurisdiction exists.

Removal jurisdiction grounded on diversity requires complete diversity of citizenship between the parties properly joined and served and an amount in controversy exceeding $75,000, excluding interest and costs. 28 U.S.C. § 1441(b) (citing 28 U.S.C. § 1332(a)); *see also* 28 U.S.C. § 1446(b)(2)(A). The amount in controversy is an "estimate of the total amount in dispute." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy must meet the jurisdictional threshold *at the time of removal*. *Corral v. Select Portfolio Serv'g., Inc.* 878 F.3d 770, 774 (9th Cir. 2017) (emphasis added). The removing party bears the burden to show, by a preponderance of the evidence, that the amount in controversy is satisfied. *Id.* (*quoting Matheson*, 319 F.3d at 1090). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount.]" *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* (*quoting Matheson*, 319 F.3d at 1090–91.) The "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that [] the notice of removal may assert the amount in controversy if the initial pleadings seeks [] nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A)(i). In such a case, as here, removal is then proper "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B).

The Removing Defendants failed to satisfy their burden to show that the amount in controversy at the time of removal, on September 27, 2023, meets the jurisdictional threshold. The Removing Defendants demonstrated in their removal papers that the Property was sold *after* Plaintiff's state court case was filed and *before* removal of Plaintiff's case. (*Lucey Decl.* [Doc. 1] at 3 ¶ 4.) The declaration of counsel for the Removing Defendants states that, since filing her complaint for injunction of foreclosure, Plaintiff "has sold the property and has satisfied the [] lien" that formed the basis for the foreclosure. (*Id.*) Plaintiff's sale of the Property mooted her claims for an injunction to prevent foreclosure by Trustee's sale.

After Plaintiff's sale of the Property and Removing Defendants' acknowledgment of the satisfaction of the lien, it is not clear that any dispute between the Removing Defendants and Plaintiff remains.  The Removing Defendants attempted to cure this defect with their counsel's declaration.  (*Id.*)  There, Mr. Lucey avowed that although Plaintiff satisfied the lien at issue in the case, "she is now demanding RTR disgorge the $275,822.11 to her." (*Id.* ¶ 4.)  This conclusory allegation as to (1) the amount in controversy and (2) the timing of the amount in controversy is insufficient to satisfy the Removing Defendants' burden.  *See Matheson*, 319 F.3d at 1090–91.  Here, the Removing Defendants demonstrated that Plaintiff's claims for non-monetary relief are moot because the Property is sold and the lien satisfied.  The Removing Defendants failed to identify a cause of action in Plaintiff's Complaint to support the amount in controversy that they summarily declare.  Moreover, the Removing Parties did not demonstrate that the declared demand for disgorgement was disputed at the time of removal.  If Plaintiff amended her complaint to include a cause of action for disgorgement, or otherwise sought such relief before the state court at the time of removal, the Removing Defendants failed to so demonstrate.  On the Removing Defendants' showing, the Court must conclude that (1) Plaintiff no longer disputes the Property's foreclosure because her injunction was granted and the Property was sold by her and (2) Plaintiff no longer disputes the Removing Defendants' lien amount because it has been "satisfied," according to the lien holder.  The Court cannot determine on this showing which of Plaintiff's causes of action would result in any monetary award exceeding the jurisdictional threshold, if judgment were entered for any party.

Finally, Plaintiff's breach of contract claim prayed for monetary damages exceeding $25,001, arising from the loss of a prior sale of the property.  (*Compl.* [Doc.1-4] ¶¶ 12–13, 40.)  Plaintiff alleged that the Property's earlier value "was much higher than it presently is" and that the Property's value at the time her Complaint was filed to be $780,000 to $900,000.  (*Compl.* ¶¶ 33, 40.)  Plaintiff did not allege that her breach of contract claim entitled her to recover the full value of the Property on any date.  (*See id.*)

Nor could she amend the Complaint to do so when the Property has since sold, reducing her damages from any alleged prior lost sale. (*See Lucey Decl.* [Doc. 1] at 3 ¶ 4.) There is insufficient pleading or evidence for the Court to determine an amount in controversy from this theory of recovery, critically, at the time of removal. The Removing Defendants failed to show by a preponderance of evidence that removal jurisdiction exists in this case. Accordingly, the Court must remand. 28 U.S.C. § 1447(c).

The Court **ORDERS** that this case is **REMANDED** to the Superior Court of California, County of San Diego.

Dated: March 4, 2024

_____
Hon. Thomas J. Whelan
United States District Judge