UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE KARD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC; REAL TIME RESOLUTIONS; RRA CP OPPORTUNITY TRUST 2; ZBS LAW LLP; DOES 1-100,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-1780-W-DEB<br><br>**ORDER GRANTING MOTION TO RECONSIDER, VACATING REMAND ORDER, AND ORDERING RECALL OF REMAND**<br><br>**[Doc. 8]** |

　　　　On March 4, 2024, the Court remanded this case after finding that the removing parties' allegation regarding the amount in controversy lacked plausibility in light of counsel's declaration that the full amount of the lien at issue had been received.  On April 1, Defendants Real Time Resolutions, Inc. ("Real Time") and RRA CP Opportunity Trust 2 ("RRA") filed a motion to reconsider and supplemented the evidence regarding the amount in controversy.  (*Motion* [Doc. 8]; *Stip.* [Doc. 8-3]).  Plaintiff opposed.  Real Time and RRA replied.  The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.(d.1).  For the following reasons, the Court **GRANTS** the motion to reconsider (Doc. 8), **VACATES** its March 4, 2024, remand order (Doc. 7), and **ORDERS** the remand recalled.

The Court has jurisdiction to reconsider its remand order here because after the notice of removal there was not an opportunity for the removing parties to supplement evidence of the amount in controversy. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1070 (9th Cir. 2021) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019)). A removing party's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. However, if there is a question regarding the plausibility of the amount in controversy, "a district court must not remand [] without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924 (requiring vacatur of remand). Remanding *sua sponte* without allowing the removing party to supplement its notice of removal is not a colorable basis for remand. *Acad. of Country Music*, 991 F.3d at 1070 (reading together 28 U.S.C. §§ 1447(c), 1447(d)).

Real Time and RRA move for reconsideration subject to Federal Rules of Civil Procedure 59 and 60. In relevant part, Rule 60 permits relief from a final judgment, order, or proceeding based on mistake or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6). Real Time and RRA have demonstrated that *Acad. of Country Music* requires relief from the prior remand order because the Court, on its own, questioned the amount in controversy based on counsel's declaration but did not issue an order to show cause or otherwise permit the removing parties to supplement evidence of the controverted amount as required by *Acad. of Country Music*, 991 F.3d at 1069–70. Accordingly, reconsideration is appropriate under Rule 60(b).

Having reconsidered its remand order, the notice of removal, the supplemental evidence of the amount in controversy, and all of the record, the Court concludes that the amount in controversy element is satisfied. First, Plaintiff's Complaint pleads a cause of action, under Cal. Bus. & Prof. Code § 17200, that plausibly places in dispute the $275,822.11 amount owed on the loan, as well as any additional amount that allegedly

unjustly enriched defendants. (*Complt*. [Doc.1-4 at 12–15]). Second, during the proceedings before the state court, the parties stipulated that the disputed loan's payment to the lender through escrow would allow the sale of the house but would not resolve the dispute between the parties over the pay-off amount of $287,463.94. (*Stip*. at 3–4.)[1] Third, although not required to do so, Plaintiff's opposition to reconsideration does not argue that less than $75,000 remains in dispute but instead that the Court should not reconsider its remand at all. (*Oppo*. at 2–4.) Plaintiff does not address the application of *Acad. of Country Music* to this record. The Court concludes the amount in controversy element of diversity jurisdiction is satisfied.

For these reasons, the Court must vacate its prior remand order in light of *Academy of Country Music*. Having reconsidered the amount in controversy, the Court concludes that the amount in controversy is satisfied. Accordingly, the Court **GRANTS** the motion to reconsider, **VACATES** its prior remand order (Doc. 7), and **ORDERS** that the remand be recalled. Further, the Court **ORDERS** the Clerk to notify the San Diego Superior Court that this Court has resumed jurisdiction over the case as of the date of this Order's filing. To efficiently manage its docket, the Court reiterates that Plaintiff's counsel has not moved to withdraw as counsel before this Court. Unless and until such a request is filed and granted, the duties of Plaintiff's counsel to his client and the Court continue.

Dated: July 8, 2024

Hon. Thomas J. Whelan
United States District Judge

---

[1] Although this evidence and information was available at the time of removal but omitted from the notice of removal, the Court agrees with the removing parties that the stipulation may be considered now as evidence of the amount in controversy under the principles of supplemental evidence explained in *Acad. of Country Music*, 991 F.3d at 1069–70, and *Arias*, 936 F.3d at 924.