# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE KARD,<br><br>          Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC; REAL TIME RESOLUTIONS; RRA CP OPPORTUNITY TRUST 2; ZBS LAW LLP; DOES 1-100,<br><br>          Defendants. | Case No.:  3:23-cv-1780-W-DEB<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>**[Doc. 17]** |

Pending before the Court is Brian C. Andrews, Esq.'s ("Attorney's") motion to withdraw as attorney of record for Plaintiff Nichole Kard (the "Motion").  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** the motion [Doc. 17].

## I.    FACTUAL BACKGROUND

On June 6, 2023, Plaintiff commenced a civil action in the Superior Court of California against Defendants GMAC Mortgage, LLC, Real Time Resolutions ("RTR"),

RRA CP Opportunity Trust 2 ("RRA"), ZBS Law LLP, and Doe Defendants. Plaintiff sought a permanent injunction against the foreclosure of real property located at 4118 Georgia Street, San Diego, California (the "Property"). *Kard. v. GMAC Mortgage LLC*, No. 37-2023-00023630. The Superior Court ordered on stipulation of the parties the permissible sale of the Property, Plaintiff's payment under protest to RRA of $287,463.94 (the "Pay-Off Amount") at the close of escrow, and Plaintiff's right to proceed against Defendants on all of her claims regarding the second note/lien despite the payment. (Order on Stipulation [Doc. 8-3 at 7].)

On September 27, 2023, Defendants RTR and RRA removed based on diversity jurisdiction. 28 U.S.C. § 1332. On July 10, 2024, Defendants RTR and RRA filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff's Complaint. On July 15, 2024, Attorney filed this Motion, citing a breakdown in communication between Plaintiff and Attorney such that effective representation is not possible. Attorney also declared that "Plaintiff is no longer responsive to Counsel;" "Plaintiff will be denied representation with regard to upcoming 12(b)(6) motion;" "Plaintiff needs to find new counsel, given her decision to refuse to respond or work with [Attorney's solo practitioner firm]." (Andrews Decl. [Doc. 17-1] at ¶¶ 3–6.) Attorney also argues, without supporting facts in his declaration, that he has not been paid for work already completed on behalf of Plaintiff. (Motion at 3.)

**II.     DISCUSSION**

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D.Cal.1992); Civ. L.R. 83.3(f)(3). "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the Motion are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the

2

degree to which withdrawal will delay the resolution of the case." *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. 2009) (citing *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *1 (E.D. Cal. 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under Rule 1.16(d), an attorney "shall not terminate the representation until the lawyer has taken reasonable[] steps to avoid reasonably[] foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . . ." California Rule of Professional Conduct 1.16(d) (punctuation omitted). Also, Civ. L.R. 83.3(f)(3) states an attorney's motion to withdraw "must be served" "on the moving attorney's client" and the motion must be accompanied by a "declaration pertaining to such service." Attorney's Motion and Amended Proof of Service [Doc. 18] demonstrate that his client was served at two e-mail addresses, despite the fact that the Amended Proof of Service shows a mailing address for Plaintiff that all parties agree could no longer be valid for Plaintiff because it is the same property that the parties all agree was sold to a third party. (*See* Notice of Removal [Doc. 1] at ¶ 4; Stipulation [Doc. 8-3 at 2–5] (signed by Plaintiff herself, Plaintiff's Attorney, and Attorney for RTR and RRA); Order of Superior Court on Stipulation [Doc. 8-3 at 6–7].)

Attorney's motion to withdraw as counsel indicates Plaintiff will no longer respond to Attorney, cooperate with him, pay him, or follow his advice. The Court also considers that withdrawal of counsel at this time will permit Plaintiff an opportunity to identify new counsel of record to represent her in response to the pending Rule 12(b)(6) motion to dismiss. Plaintiff has not opposed the motion to withdraw, and therefore does not dispute that there has been a complete breakdown of the attorney-client relationship. The Court considers the absence of Plaintiff's acknowledged receipt of the Motion or the pending motion to dismiss her complaint. To prevent prejudice to Plaintiff's claims, the Court provides additional time for Plaintiff to find new counsel (or indicate that she will

3:22-CV-01808-W-LR

represent herself pro se) and to respond to the pending motion to dismiss.  Also, opposing counsel does not object to the withdrawal.  (Andrews Decl. [Doc. 17-1] at ¶ 8.)  Finally, reviewing the entirety of the case, the Court finds that counsel's withdrawal will not delay the case's resolution.

## III.    CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** Attorney's motion to withdraw as attorney of record for Plaintiff [Doc. 17].  Attorney is **ORDERED** to serve this Order on Plaintiff by e-mail, as indicated in the Amended Proof of Service, and also by mail to any updated mailing address for Plaintiff that Attorney may have.  On or before **August 13, 2024**, Attorney shall file a notice with this Court listing Plaintiff's e-mail address(es) and any updated mailing address(es) for service of process.

On or before **September 3, 2024**, Plaintiff is **ORDERED** to file with this Court (1) a notice of intention to proceed pro se (that is, a notice of Plaintiff's intention to proceed without counsel), (2) a notice of appearance by new counsel on Plaintiff's behalf, or (3) a notice that Plaintiff is seeking new counsel and requires additional time for a specified reason requiring more time than the Court has given by this Order.

The hearing date on the pending motion to dismiss is continued until **October 7, 2024**.  Under Civil Local Rule 7.1(d)(1), there shall be no oral argument or personal appearances unless subsequently ordered by the Court.

**IT IS SO ORDERED.**

Dated:  August 5, 2024

Hon. Thomas J. Whelan
United States District Judge

4

3:22-CV-01808-W-LR