UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE KARD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC; REAL TIME RESOLUTIONS; RRA CP OPPORTUNITY TRUST 2; ZBS LAW LLP; DOES 1-100,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-1780-W-DEB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO OPPOSE MOTIONS TO DISMISS, FAILURE TO COMPLY WITH COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**[Doc. 21]** |

On August 6, 2024, the Court granted Attorney Andrews's motion to withdraw as counsel of record for Plaintiff, ordered Attorney Andrews to serve that Order on Plaintiff, ordered Attorney Andrews to file a notice of contact information for Plaintiff for service of process, and ordered Plaintiff to file, on or before September 3, 2024, her notice of intent to proceed pro se or the status of her intention to retain new counsel.  (Doc. 19.) On August 13, 2024, Attorney Andrews complied with that Order and filed a Notice of Plaintiff's Updated Mailing Addresses and Email Addresses for Service of Process. (Doc. 20.)  Plaintiff failed to file timely any document in response to the Court's August 6 Order, and Plaintiff has not sought leave of Court for additional time to comply

with the August 6 Order or otherwise advise the Court about her intentions to prosecute this case.

The motion to dismiss Plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) was originally filed on July 10, 2024, with a hearing date of August 26, 2024. (Doc. 16.) The Court continued that hearing date to October 7, 2024, as part of the order to give Plaintiff time to secure new counsel. (Doc. 19.) After that hearing continuance, Plaintiff's opposition to the Rule 12(b)(6) motion was due on or before September 23, 2024. CivLR 7.1(e)(2). Plaintiff failed to oppose the Rule 12(b)(6) motion. Defendant RTR advises the Court that as of October 1, 2024, Plaintiff has made no contact with counsel for RTR. (Doc. 21.) As of the date of this Order, Plaintiff made no filing in opposition to the Rule 12(b)(6) motion and no opposition to Defendant RTR's request for dismissal for failure to prosecute.

Federal Rule of Civil Procedure 41(b) authorizes dismissal of an action where the plaintiff fails to prosecute or comply with the federal rules or court orders. Before dismissing a case for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F. 2d 1421, 1423 (9th Cir. 1986). Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Id.*

Here, Defendant makes no analysis of the legal standard in its request for dismissal for failure to prosecute pursuant to Rule 41(b). However, "dismissal under Rule 41(b) is appropriate not only for a failure to prosecute but also, as here, for a failure 'to comply with . . . a court order.'" *Smith v. Limerick*, No. 23-354, No. 23-35476, 2024 WL 4211479, 2024 U.S. App. LEXIS 23558 (9th Cir. Sept 17, 2024) (citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (as amended)).

First, the Court finds that the public's interest in expeditious litigation is a neutral factor here.  The public has no interest in this case being prolonged in light of Plaintiff's failure to contact the Court, her own counsel, or opposing counsel regarding her intention to prosecute this case or lack thereof.  Neither would the public's interest be harmed if the case required additional time for resolution if Plaintiff intended to prosecute the case.  Plaintiff's failure to comply with the Court's order to state her intentions weighs slightly in favor of a more expeditious resolution of the case to avoid delay by a nonresponsive party.  No other facts about the public's interest are before the Court to weigh in favor or against dismissal.

Second, the Court's need to manage its docket favors dismissal.  Plaintiff's case here has languished since its removal to this Court because the only filings on Plaintiff's behalf have been those of Plaintiff's former counsel (1) attempting to notify the Court of the extended time that has elapsed since he originally sought to withdraw as counsel, even before the state court (where it also appeared that Plaintiff may not have intended to further prosecute her case), and (2) opposing Defendants' efforts to dismiss the case on the merits while Plaintiff's counsel simultaneously pursued withdrawal.

Third, the risk to Defendants weighs in favor of dismissal.  Defendant RTR moved for dismissal under Rule 12(b)(6) and now requests dismissal for failure to prosecute. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998) (agreeing with defendants, without respect to any demonstration of actual prejudice, that "a presumption of prejudice arises from the plaintiff's failure to prosecute").

Fourth, the public policy of resolving disputes on the merits weighs against dismissal, but this factor also requires that Plaintiff present facts, law, or argument in support of her case to allow review and resolution on the merits.  Plaintiff has shown no intention to do so.

Finally, the Court finds dismissal without prejudice is the least drastic option available that will adequately address the five factors and Plaintiff's failures in this case.  "Unless otherwise specified ... a [Federal Rule of Civil Procedure 41(b)] dismissal

operates as an adjudication upon the merits." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks omitted). Plaintiff may still be pro se, even though she was ordered to inform the Court about her representation and failed to do so. Given the leniency that should be afforded pro se plaintiffs, dismissal with prejudice here is too drastic an alternative under the five Rule 41(b) factors. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's inaction"); *see also Yourish v, California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Ferdik*, 963 F.2d at 1261; *Henderson*, 779 F. 2d at 1423. Moreover, Defendant RTR, who requests Rule 41(b) dismissal, does not request dismissal with prejudice and does not provide any argument that would support the conclusion that no less drastic sanction is unavailable. The Court also finds that Plaintiff (1) has been effectively absent in this case since its original removal, (2) failed to comply with this Court's Order, and (3) failed to oppose the pending Rule 12(b)(6) motion to dismiss or to timely seek an extension of time. In summary, the five Rule 41(b) factors weigh in favor of dismissal.

Accordingly, the Court dismisses this case without prejudice for (1) lack of opposition to Rule 12(b) and Rule 41(b), (2) failure to comply with Court order, and (3) failure to prosecute. For these reasons, the Court **GRANTS** Defendant's request to dismiss for failure to prosecute [Doc. 21], **DENIES AS MOOT WITHOUT PREJUDICE** the pending Rule 12(b) motion [Doc. 16], and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: October 16, 2024

Hon. Thomas J. Whelan
United States District Judge